## WADDELL v. WADDELL et al.

No. 2382.   Decided September 30, 1912 (127 Pac. 273).

CANCELLATION OF INSTRUMENTS—ACTIONS—ADMISSION OF EVIDENCE. A complaint alleged that in 1899 defendant owned a tract in Idaho, which he conveyed to his father, then plaintiff's husband, by unrecorded deed, and that plaintiff's husband died in 1902, devising his realty to plaintiff; that after his death defendant fraudulently took the deed of the Idaho property from decedent's papers and destroyed it, and refused to return it to plaintiff on request; that in 1904, to avoid litigation to quiet title in herself, plaintiff conveyed realty owned by her in S. to defendant, upon agreement that he would return to her the deed of the Idaho property, which he had then destroyed; and that defendant thereafter sold such property and converted the proceeds to his own use, and took possession of the S. property, and conveyed it to his wife without consideration. The answer alleged that defendant's deed of the Idaho property to his father was only to enable the latter to take the hay on the land and not to convey title, and that the deed was redelivered to defendant by his father for the purpose of vesting defendant with title, and that he destroyed

such deed in good faith; that plaintiff conveyed the S. prop-
erty to defendant of her free will and without any agreement
by defendant, but in consideration of services he had rendered
to plaintiff and her father. Plaintiff offered in evidence the
pleadings, findings, and judgment in a former action between
the parties, which showed the facts as to defendant's taking
the deed from his father's papers, the agreement under which
the plaintiff conveyed the S. Property to defendant, defendant's
refusal to return the deed, etc., and the other facts put in
issue by the pleadings herein. *Held*, that the offered evidence
was material and properly received.

APPEAL from District Court, Third District; *Hon. M. L.
Ritchie,* Judge.

Action by Leonora W. Waddell against William M. Wad-
dell and another.

Judgment for plaintiff.   Defendants appeal.

AFFIRMED.

*Moyle & Van Cott* for appellants.

*Stewart, Stewart & Alexander* and *E. A. Walton* for re-
spondent.

STRAUP, J.

In the complaint it is alleged that the plaintiff, Leonora
W. Waddell, in July, 1904, was the owner of certain describ-
ed real estate in Salt Lake City, that she then by deed con-
veyed it to the defendant, William M. Waddell, and that he
thereafter without consideration conveyed it to his wife, Flor-
ence Waddell. It is further alleged that the deed from
plaintiff to William was obtained without consideration, and
was procured by fraud, false representations, and fraudulent
promises, in this: In 1899 William was the owner of a
tract of land in Idaho, and by deed conveyed it to Isaac M.
Waddell, his father, the then husband of plaintiff, but that
the deed was not recorded. Isaac M. Waddell died in De-
cember, 1902, leaving a last will and testament, by which he

had devised all his real and other property to plaintiff. She was appointed executrix of his estate. After the death of the deceased, William wrongfully and fraudulently took the deed of the Idaho property from among the papers of the deceased and destroyed it. The plaintiff, not knowing of the destruction of the deed, requested William to return it to her, which he refused to do. To avoid litigation to quiet title in herself, the plaintiff conveyed the Salt Lake City property to William, upon the agreement that he would return to her the deed of the Idaho property; but at that time William had already destroyed the deed of the Idaho property, and had no intention of returning it to the plaintiff, or otherwise to transfer or convey the Idaho property to her, but falsely and fraudulently made representations and promises so to do, to deceive and defraud her and to obtain the conveyance from her to him. Thereafter William sold the Idaho property, the record title of which was in his name, for the sum of $2250, and converted the proceeds to his own use, and failed to account to plaintiff therefor. William and his wife took possession of the Salt Lake property, and improved it by building a dwelling upon it of the approximate value of $2500; but such improvements were made with the knowledge of both defendants of the fraud and misrepresentations of William. The relief asked was that the deed from the plaintiff to William be canceled, and that she be adjudged the owner of the Salt Lake property, or that, in the event of adjudged equities of the defendants, she be given a lien on it to the extent of its value, apart from the improvements.

To this complaint the defendants answered, admitting the conveyance from the plaintiff to William and from him to his wife; that William in 1899 was the owner of the Idaho property, and that he executed and delivered a deed conveying it to his father, but that such deed was made only for the purpose to enable his father "to take and use the hay which said land produced," and that his father "never intended by receiving the deed to accept title to the land; and that prior to his death his father redelivered the deed to" William "with the specific intent and for the purpose of investing" William

"with the title, if in law he had been divested of it." The defendants further alleged that William destroyed the deed so returned to him by his father, but that he did so in good faith and with the firm belief that he had the legal and moral right so to do, and that he destroyed it prior to his father's death. After the conveyance by plaintiff to William of the Salt Lake property, he sold the Idaho property for the sum of $2250, and paid no part thereof to plaintiff, except $435, which he averred was expended indirectly in improving the Salt Lake property. They further alleged that the defendant located the Idaho property as a homestead, and at his father's request and direction lived upon it, and for seven years or more improved it and other lands owned by his father, "all of which property the said Isaac M. Waddell devised to the said plaintiff in his last will and testament, and that she was made the sole devisee and executrix, and that she, on the 2d day of July, 1904, of her own free will and choice, and without any promise or agreement on the part of William, and in consideration of a long-continued and valuable services which he had rendered her and his father, and of his having materially assisted in the accumulation of the Idaho property, and in consideration of the relationship which existed between the plaintiff and William, and of love and affection, and in recognition of what she deemed her moral duty and obligation towards him, and in recognition of what she considered this defendant was entitled to as a portion of the estate, the plaintiff, on the 2d day of July, 1904, executed and delivered to William a warranty deed to the Salt Lake property," and that thereafter for a good and valuable consideration he conveyed it to his wife, and that improvements of the value of $2700 were placed upon it by them.

The case was tried to the court, and resulted in findings of facts as alleged in the complaint, and not as alleged in the answer. A judgment was entered, giving the plaintiff "a specific lien for the sum of $560" on the Salt Lake property, evidently the value of the lot apart from the improvements.

From that judgment the defendants have prosecuted this appeal.

The principal question presented is this: The plaintiff offered in evidence the complaint, answer, findings, and judgment in a prior action between the same parties. They were offered to prove material facts common to, and transactions involved in, both litigations. For that purpose they were admitted over the defendants' objection. It is not claimed that the facts averred, found, and adjudged in the former action, and which were sought to be proved by that record, were not the same as are alleged and denied in this action; but it is urged that they were immaterial, and that therefore the evidence was improperly received. We think the evidence was proper. To show that, we need but refer to the nature of the pleadings, the findings, and the judgment of the former action. The allegations of facts with respect to William's conduct in taking and abstracting the deed from the private papers of his father, the agreement under which the plaintiff conveyed the Salt Lake property to him in consideration of his returning the deed of the Idaho property to her, the conveyance made by her of the Salt Lake property to William in accordance with the agreement, the defendant's refusal to return the deed and his destruction of it, his selling the Idaho property for $2250 and converting the proceeds to his own use, and his conveyance of the Salt Lake property to his wife without consideration, the matters chiefly sought to be shown by the former record, were in substance, the same in the former as in this complaint. But the theory of the former complaint was that the proceeds derived by William from the sale of the Idaho property and misappropriated by him were invested by him in the making of the improvements on the Salt Lake property, and in purchasing certain personal property, and hence all of such properties were sought to be impressed with a trust to the extent of $2250. The answer of the defendants in the former case was similar to their answer in this. The former case was before us on appeal, and is reported in *Waddell v. Waddell*, 36 Utah,

437, 104 Pac. 743. There the issues and facts of that case appear. We there held that William had no right to or interest in the Idaho property; that he wrongfully came into possession of the deed which he had made to his father; that the plaintiff, to avoid litigation, conveyed the Salt Lake property to him, upon the agreement that he return to her the deed of the Idaho property; that after the conveyance of the plaintiff to him he refused to do so; that he "tore up the deed of the Idaho property to destroy evidence of title and to defraud the estate, and fraudulently sold the Idaho property and misappropriated the proceeds to his own use." We thereupon directed the trial court to make findings in accordance with the views expressed by us, and to enter a judgment in favor of the "plaintiff for the $2250 trust fund and interest," to adjudge it a lien on the Salt Lake property to the extent of $351.67, that being the only amount of the proceeds derived from the sale of the Idaho property that the record there disclosed was invested in the Salt Lake property, and a lien to the extent of $840 on certain personal property. Such findings of facts in detail, and as were averred in that and as are averred in this complaint, were made, and such a judgment entered. Upon the issues, and upon a reading of the opinion in the former action, it very clearly appears that the facts so alleged and found in the prior action were material, and hence the record was properly received in evidence in this proceeding for the purposes mentioned.

The judgment of the court below is therefore affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.